RECEIVED
IN CLERK'S OFFICE
APR 29 2011
U.S. DISTRICT COURT
MID. DIST. TENN.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRCT OF TENNESSSEE

STEVE JOHNSON, and wife,
BARBARA JOHNSON

    Plaintiffs,

vs.

STATE FARM FIRE & CASUALTY COMPANY,
ED UNDERWOOD, and ELAINE VEACH,

    Defendants.

No. _____
JURY DEMANDED

# COMPLAINT

COME NOW the Plaintiffs, Steve Johnson, and wife, Barbara Johnson (collectively hereafter "Plaintiffs"), by and through counsel, and for their claims against the Defendants, State Farm Fire & Casualty Company, Ed Underwood, and Elaine Veach (collectively hereafter "Defendants"), would respectfully state and show unto the Court as follows:

## INTRODUCTION

This case involves an insurance agent and insurance company's failure to provide the plaintiff insureds with flood insurance as requested. There is a parallel state court proceeding, involving the exact same subject matter and parties, pending in the Circuit Court of Davidson County, Tennessee, Docket No. 10C3878, and bearing the style *Steve Johnson, and wife, Barbara Johnson, Plaintiffs, v. State Farm Fire & Casualty Company, Ed Underwood, and Elaine Veach*. Plaintiffs file this parallel action in federal court due to conflicting authority among the federal circuits regarding whether federal courts have exclusive jurisdiction over claims relating to the procurement of flood insurance policies. Compare e.g., *Mason v. Witt*, 74

1

F. Supp. 2d 955, 963 (E.D. Cal. 1999) (holding "that state law tort claims are preempted" under an express preemption theory); *Stapleton v. State Farm Fire & Cas. Co.*, 11 F. Supp. 2d 1344, 1346–47 (M.D. Fla. 1998) (same); *Moffett v. Computer Sciences Corp.*, 457 F. Supp. 2d 571, 587-588 (D. Md. 2006) (claims of fraud in the procurement of NFIP policies were barred by reason of conflict preemption) *with Spence v. Omaha Indem. Ins. Co.*, 996 F.2d 793, 796 n.20 (5th Cir. 1993) ("The NFIA contains no express preemption provision."); *Scherz v. S. Car. Ins. Co.*, 112 F. Supp. 2d 1000, 1004 (C.D. Cal. 2000) (same); *Seruntine v. State Farm & Cas. Co.*, 444 F. Supp. 2d 698 (E.D. La. 2006) (federal jurisdiction not present in procurement-type cases); *Packard v. Farmers Ins. of Ohio*, 672 F. Supp. 2d 817 (S.D. Ohio 2009) (same). The Sixth Circuit Court of Appeals has not rendered a decision on this issue. *See Gibson v. Am. Bankers Ins. Co.*, 289 F.3d 943, 949–50 (6th Cir. 2002) ("It is unnecessary for us to decide whether policy procurement type state law claims are preempted by NFIA."). Although district courts within the Sixth Circuit have held that federal law does not preempt state-law tort claims relating to procurement of flood insurance policies, Plaintiffs file this suit out of an abundance of caution. *See Packard v. Farmers Ins. of Ohio*, 672 F. Supp. 2d 817 (S.D. Ohio 2009) (state law procurement claims are not preempted by federal law); *McCormick v. Auto Owners Ins. Co., Inc.*, 2005 U.S. Dist. LEXIS 37925 (E.D. K.Y. June 6, 2005) (citing *Bleecker v. Standard Fire Ins. Co.*, 130 F. Supp.2d 726, 734 (E.D. N.C. 2000) (holding that insurance policy holders must resort to state law to remedy injuries caused by the negligent conduct of private insurance agents in obtaining coverage).

## PARTIES AND JURISDICTION

1.  The individual Plaintiffs, Steve and Barbara Johnson, are adult citizens and residents of Davidson County, Tennessee. At all times relevant hereto, Plaintiffs owned the real property and

2

improvements located at 8228 Canoe Court, Nashville, Tennessee 37221 (hereafter the "Insured Premises"). Plaintiffs lived in their home from the time they completed construction on it in July 2001 until May 2, 2010, when a flood caused substantial structural damage to the Insured Premises and its contents.

2. At all times relevant hereto, Defendant State Farm Fire & Casualty Company ("State Farm") was a foreign insurance company licensed to participate in general casualty insurance business within the state of Tennessee.

3. Defendant Ed Underwood ("Underwood") owns and operates a State Farm branch and is an employee of State Farm. Underwood's office is located at 6922 Highway 70 South, Nashville, TN 37221. At all times relevant hereto, Underwood acted within the course and scope of his employment as an insurance agent/producer with State Farm. To the extent Underwood is found liable for his actions/inactions described herein, then State Farm is vicariously liable for Underwood's actions/inactions.

4. Defendant Elaine Veach ("Veach") is an employee of Underwood and State Farm. Veach's office is located at 6922 Highway 70 South, Nashville, TN 37221. At all times relevant hereto, Veach acted within the course and scope of her employment as an insurance agent/producer and office manager with Underwood and State Farm. To the extent Veach is found liable for her actions/inactions described herein, then Underwood and State Farm are vicariously liable for Veach's actions/inactions.

5. This Complaint originates as the result of a May 2, 2010 flood that severely damaged the Insured Premises, causing a loss to the Insured Premises, as well as the personal property located therein.

6. Although Plaintiffs believe that this lawsuit has been appropriately filed in Davidson County Circuit Court, the Sixth Circuit has not made a ruling regarding the proper jurisdiction of state law procurement-type claims. Therefore, out of an abundance of caution, Plaintiffs file this parallel action to preserve all of their rights in light of the conflicting authorities. *Compare e.g., Mason v. Witt*, 74 F. Supp. 2d 955, 963 (E.D. Cal. 1999) (holding "that state law tort claims are preempted" under an express preemption theory); *Stapleton v. State Farm Fire & Cas. Co.*, 11 F. Supp. 2d 1344, 1346–47 (M.D. Fla. 1998) (same); *Moffett v. Computer Sciences Corp.*, 457 F. Supp. 2d 571, 587-588 (D. Md. 2006) (claims of fraud in the procurement of NFIP policies were barred by reason of conflict preemption) *with Spence v. Omaha Indem. Ins. Co.*, 996 F.2d 793, 796 n.20 (5th Cir. 1993) ("The NFIA contains no express preemption provision."); *Scherz v. S. Car. Ins. Co.*, 112 F. Supp. 2d 1000, 1004 (C.D. Cal. 2000) (same); *Seruntine v. State Farm & Cas. Co.*, 444 F. Supp. 2d 698 (E.D. La. 2006) (federal jurisdiction not present in procurement-type cases); *Packard v. Farmers Ins. of Ohio*, 672 F. Supp. 2d 817 (S.D. Ohio 2009) (same). Venue is proper because the alleged acts in this lawsuit occurred in this judicial district and/or because the Defendant conducts business in this judicial district.

## FACTS

7. Plaintiffs Steve and Barbara Johnson completed the construction of the Insured Premises in July 2001. The structure was a residential two-story home, containing approximately two thousand (2000) square feet, all located on the first floor, with the exception of a three hundred (300) square foot bonus room located on the second floor.

8. Prior to closing on the Insured Premises, Plaintiffs contacted Underwood's State Farm insurance agency and spoke with Veach to inquire about securing insurance on the Insured Premises.

9. At all times material hereto, Veach and Underwood held themselves out on behalf of State Farm as being properly licensed, competent and qualified to meet Plaintiffs' insurance needs for the purposes of soliciting insurance products, collecting premiums, receiving applications, binding coverage, etc., and were employees/agents of State Farm. In fact, Underwood's website contains a virtual presentation by Underwood himself in which Underwood states: "I've been a State Farm agent for over thirty (30) years and I have a great staff of over forty (40) years combined experience."

10. State Farm claims that its "mission is to help people manage the risks of everyday life, recover from the unexpected, and realize their dreams. . . .Our vision for the future is to be the customer's first and best choice in the products and services we provide."

11. To ensure that their home was protected to the fullest possible extent, Plaintiffs asked Veach what was *not* included in the policy they were selecting and then sought guidance from Veach as to how to cover those exclusions.

12. Veach gave Plaintiffs a Homeowners Insurance brochure, attached hereto as **Exhibit A,** and went over the four items not covered by the policy, listed as follows in the "Losses Not Insured" section:

   i. Water damage caused by flood or underground water.
   ii. Earth movement including earthquake and mudslide.
   iii. Damage caused by settling, deterioration, contamination, or nuclear hazard.
   iv. Damage caused by birds, rodents, insects or domestic animals.

13. Plaintiffs specifically addressed each of these exclusions with Veach, deciding to add additional coverage for earthquake protection and deciding that good home maintenance, as well as a pest control contract, would take care of the third and fourth issues. However, Plaintiffs

5

specifically asked Veach to add additional coverage to their policy to provide for damage caused by flooding.

14. Veach responded to this request by stating that Plaintiffs were ineligible to purchase additional flood coverage because the program was administered by the federal government and their Insured Premises was located outside of the 500 year flood plain. Surprised by this response, Plaintiffs again asked Veach if she was sure they could not secure the additional flood coverage and Veach again answered in the negative because Plaintiffs were "outside the 500-year flood plain."

15. Additionally, when Plaintiffs raised concerns about the fact that their property was located near the Harpeth River and therefore, they wanted to ensure that it was protected in the case of a flood, Veach again reiterated to Plaintiffs that because Plaintiffs were not zoned in the flood plain, no amount of additional money would allow them to purchase coverage for damage caused by flooding. Veach's statements to Plaintiffs were false.

16. Defendants knew or should have known that Plaintiffs would rely upon their statements concerning the coverages and exclusions contained in State Farm's policies, as well as Defendants' statements to Plaintiffs concerning the availability of flood insurance at the Insured Premises.

17. Because Plaintiffs reasonably and justifiably relied upon Veach's representations that flood coverage was not available to them, Plaintiffs did not purchase additional coverage to ensure that their property was protected from damage caused by flooding.

18. Based upon the representations of Veach, Plaintiffs completed an application for homeowners insurance through Underwood's State Farm branch office via its agent, Veach,

6

attached hereto as **Exhibit B**, which was submitted and bound for coverage by State Farm as policy number 42-E5-4440-2 (the "Policy").

19. A copy of the Policy is attached hereto as **Exhibit C**, and is incorporated herein by reference. At the time of the loss, the Policy provided coverage as follows:

    Dwelling           -- $200,900
    Dwelling Extension -- $20,900
    Personal Property  -- $150,675
    Loss of Use        -- Actual Loss Sustained

20. Plaintiffs were required to pay a premium to State Farm in exchange for insurance coverage. Plaintiffs paid the required premium at all times relevant to this Complaint.

21. On or about May 2, 2010, a flood severely damaged the Insured Premises to the extent that the first floor contained flood water up to five (5) feet high which required the demolition and rebuilding of the entire first floor. Plaintiffs also sustained a great loss to their personal property located in the Insured Premises as well.

22. Plaintiffs promptly reported their claim to State Farm.

23. Plaintiffs have acted reasonably at all times material hereto.

24. Plaintiffs' claim to State Farm was denied in a letter to Plaintiffs signed by Underwood on May 5, 2010, and attached hereto as **Exhibit D**. In that letter, Underwood states, "Your homeowner policy with State Farm Fire & Casualty does not cover flood damage for your home, contents nor outside buildings. Please consider this a denial of coverage for the flood loss of May 2010."

25. Plaintiffs believe and would show to the Court that Plaintiffs justifiably relied upon the misrepresentations by Veach concerning the unavailability of flood coverage and as a direct and proximate cause of such misrepresentation have now suffered a loss that would otherwise have been covered under a flood policy.

7

26. "The negligence or mistake of an agent within the scope of his authority is the responsibility of his principal, the insurance company." *Vulcan Life & Accident Ins. Co. v. Segars*, 391 S.W.2d 393, 397 (Tenn. 1965); *see also Hill v. J.R. Alexander Corp.*, 1998 Tenn. App. LEXIS 219, *6–8 (Tenn. Ct. App. May 4, 1988). "If [an agent] is instructed to procure specific insurance, and fails to do so, [the agent] is liable to his principal for the damage suffered by reason of the want of such insurance. The liability of the agent with respect to the loss is that which would have fallen upon the company had the insurance been effected as contemplated." *Glisson v. Stone*, 4 Tenn. App. 71, 74–75 (Tenn. Ct. App. 1926); *see also Campbell v. White & Assc. Ins. Agency, Inc.*, 197 F. Supp. 2d (quoting *Magnavox Co. v. Boles & Hite Constr. Co.*, 585 S.W.2d 622, 627 (Tenn. Ct. App. 1979) ("the agent's omission is *likewise* the responsibility of the insurance company.").

27. Pursuant to Tenn. Code Ann. § 56-6-115(b), "an insurance producer who solicits or negotiates an application for insurance shall be regarded, in any controversy arising from the application for insurance or any policy issued in connection with the application between the insured or insured's beneficiary and the insurer, as the agent of the insurer and not the insured or insured's beneficiary." The purpose of Tenn. Code Ann. § 56-6-115(b) is to prevent an insurance company from denying responsibility for the representations and actions of its agent from whom an application for insurance is voluntarily accepted and to protect an applicant who relies on such representations and actions of the insurer's agent. The statute is liberally construed in the insured's favor. *Bill Brown Construction Co., Inc. v. Glen Falls Ins. Co.*, 818 S.W.2d 1, 4 (Tenn. 1991).

28. Underwood and Veach are insurance producers who solicited the insurance at issue as State Farm's agent under Tenn. Code Ann. § 56-6-115(b).

8

29. Defendants' refusal to pay the money and benefits that would have been due and owing to Plaintiffs had Defendants not negligently misrepresented the availability of flood coverage has caused Plaintiffs to seek legal counsel and to initiate this Complaint to recover the insurance proceeds to which they would have otherwise been entitled.

30. As a direct and proximate cause of Defendants' actions/inactions, Plaintiffs have sustained substantial compensable losses.

## CAUSES OF ACTION

### Count I – Reformation of Policy

31. Plaintiffs reassert and re-allege Paragraphs 1 through 30 of this Complaint as if set forth verbatim herein.

32. Reformation of a contract is an equitable remedy applicable to insurance contracts where there is a mutual mistake of the parties. Plaintiffs invoke this Court's equitable powers and seek reformation of the Policy issued by State Farm to Plaintiffs.

33. The remedy of reformation is necessary to carry out the true intent of the parties. Plaintiffs sought complete insurance coverage, including flood coverage. Defendants do not, or at least should not, dispute that Plaintiffs desired flood coverage and that Defendants would have provided flood coverage but for the mistake and negligence of Veach. Defendant Veach's knowledge, admission, and negligence is imputed to State Farm. There was a meeting of the minds, but the Policy does not express what was intended and desired by the parties in that flood coverage is excluded by the Policy. There was a mistake in the issuance of the Policy which rendered the terms of the Policy different from those desired by the parties. Accordingly, the Policy should be reformed to include flood coverage, specifically as it relates to the Plaintiffs' claim at issue involving flood damage to their property.

**Count II - Negligence And/or Negligent Misrepresentation**

34. Plaintiffs reassert and re-allege Paragraphs 1 through 33 of this Complaint as if set forth verbatim herein.

35. Veach, Underwood and/or State Farm are liable to Plaintiffs for negligence and/or negligent misrepresentation.

36. Specifically, in accepting Plaintiffs' application for insurance and explaining the exclusions, Veach and Underwood were acting within the ordinary course of their business as agents and employees of State Farm. During the application and underwriting process, Veach and Underwood undertook a duty to procure insurance for Plaintiffs and to properly inform Plaintiffs about the coverages and exclusions of Plaintiffs' Policy and the availability of a separate flood insurance policy that would cover flood losses otherwise excluded by the Policy.

37. Veach failed to inform Plaintiffs that they could purchase additional coverage for flood damage despite Plaintiffs' repeated inquiries about the possibility of obtaining such additional coverage. This failure resulted in Plaintiffs' being uninsured for losses caused by flooding.

38. Defendants failed to exercise reasonable care as follows: (1) in failing to obtain the information needed to adequately counsel Plaintiffs regarding their insurance needs; (2) in obtaining inadequate insurance coverage for Plaintiffs; (3) in obtaining insurance coverage for Plaintiffs that provided less coverage than requested by Plaintiffs; (4) in making misrepresentations to Plaintiffs concerning the availability of flood insurance at the Insured Premises; and (5) such other facts as may be developed during discovery.

39. Plaintiffs justifiably relied on Defendants' skill and expertise to their detriment.

40. Additionally, State Farm was negligent in failing to adequately train and supervise Veach and Underwood. Further, Underwood was negligent in failing to adequately train and supervise Veach.

41. Defendants' negligence was the cause in fact, legal, and proximate cause of Plaintiffs' damages.

42. As a result of Defendants' negligence and/or negligent misrepresentations, Plaintiffs have suffered property loss, personal property loss, and have incurred and are continuing to incur, additional living expenses and other numerous incidental and consequential damages.

**Count III– Breach of Contract**

43. The allegations contained in paragraphs 1 through 42 of this Complaint are incorporated by reference as if set forth verbatim herein.

44. Veach, Underwood and/or State Farm are liable to Plaintiffs for breach of contract.

45. <u>Breach of Contract No. 1.</u> Plaintiffs contracted with Defendants to provide adequate and full insurance against perils causing property and personalty losses. Although Veach and Underwood did in fact obtain Plaintiffs a policy of insurance with State Farm, the Policy was insufficient to cover Plaintiffs' losses in the event of a loss from flooding despite Plaintiffs' specific request that this coverage be added. As a result of Veach's misrepresentation that flood coverage was not available to Plaintiffs, Veach and Underwood are in total, material breach of their contract with Plaintiffs to procure appropriate insurance coverage for the benefit of Plaintiffs, for which valuable consideration was paid.

46. As a result of Veach and Underwood's breach of contract, Plaintiffs have suffered property loss, personal property loss, and have incurred and are continuing to incur, additional living expenses and other numerous incidental and consequential damages.

11

47. <u>Breach of Contract No. 2.</u> State Farm is also liable to Plaintiffs for its breach of the Policy in that State Farm denies that it is responsible for the damages incurred by Plaintiffs during the May 2010 flood.

48. Any contractual provision in a policy of insurance may be waived by an officer or agent of the insurer who has actual or apparent authority to do so. It is firmly established in Tennessee jurisprudence that an insurance company, by its agent's conduct, may be estopped to deny a waiver of provisions inserted in an insurance policy for the benefit of the company. In this case, the Policy issued to Plaintiffs excluded flood losses through the mistake or negligence of Defendants.

49. Plaintiffs relied on the representations of Defendants concerning the nature of the insurance coverage being provided. Defendants knew that their representations concerning the unavailability of flood coverage would induce Plaintiffs to rely on such representations. Injustice can only be avoided by enforcement of Plaintiffs' request that flood coverage be included in the Policy.

50. State Farm waived the flood exclusion contained in the Policy through the acts, representations, and knowledge of Defendants, and therefore has breached the Policy by denying that it is responsible to indemnify Plaintiffs for their losses.

51. As a result of Defendants' breach of contract, Plaintiffs have suffered monetary losses, and other numerous incidental and consequential damages, for which Defendants are liable.

**Count IV – Violations of the Tennessee Consumer Protection Act**

52. The allegations contained in paragraphs 1 through 51 of this Complaint are incorporated by reference as if set forth verbatim herein.

53. State Farm is a foreign corporation engaged in the business of issuing insurance policies, including flood policies, in the ordinary course of its business.

54. Veach and Underwood are insurance agents for State Farm, engaging in the business of soliciting insurance consumers to purchase State Farm insurance and advising insurance consumers concerning their insurance needs.

55. Plaintiffs are consumers within the meaning as contemplated by the Tennessee Consumer Protection Act. Plaintiffs were consumers of the insurance services and advice provided by Defendants.

56. Defendants engaged in unfair and deceptive acts or practices which violate the Tennessee Consumer Protection Act, as codified at T.C.A. § 47-18-101, *et seq.* Defendants' unfair and deceptive acts or practices are in violation of T.C.A. § 47-18-104(a)-(b).

57. Specifically, the unfair and deceptive practices in which Defendants engaged include, but are not limited to, the following:

 a. Veach's unfair and deceptive holding herself out to Plaintiffs as being knowledgeable and competent regarding insurance matters, including flood insurance, when she knew or should have known that they were not knowledgeable and competent regarding the availability of flood insurance;

 b. Defendants' reckless and/or grossly negligent failure to implement Plaintiffs' requested insurance coverage;

 c. Veach's unfair and deceptive misrepresentations to Plaintiffs concerning the availability of flood insurance at the Insured Premises; and

 d. Defendants' grossly negligent actions as set forth above in this Complaint.

13

58. Defendants' acts and representations to Plaintiffs led them to believe that they were not eligible for flood insurance on the Insured Premises, which was false.

59. Defendants' unfair and deceptive acts and representations to Plaintiffs caused substantial injury to Plaintiffs, which was not reasonably avoidable by Plaintiffs.

60. Defendants' unfair and deceptive acts and practices were willful and knowing, within the meaning as contemplated by Tennessee jurisprudence.

61. As a result of Defendants' violations of the Tennessee Consumer Protection Act, Plaintiffs have suffered ascertainable losses, plus treble damages, attorney's fees, and costs, for which Defendants are liable.

WHEREFORE, as a result of the foregoing, Plaintiffs would respectfully request that proper process be issued and served on the Defendants requiring them to answer or otherwise respond in the time period allotted by law, that Plaintiffs be granted a trial by jury, and that this Honorable Court award a judgment against the Defendants as follows:

    A. For compensatory damages against Defendants not to exceed $300,000.00;

    B. For treble damages and attorney's fees against Defendants under the Tennessee Consumer Protection Act;

    D. For all costs incurred as a result of this action;

    E. For prejudgment interest; and

    F. For such other further and general relief as this Court deems just and equitable.

Respectfully submitted,

GILBERT RUSSELL MCWHERTER PLC

*/s/ J. Brandon McWherter*
J. BRANDON MCWHERTER #21600
JESSICA F. SALONUS #28158
*Attorneys for Plaintiff*
101 N. Highland
Jackson, Tennessee 38301
Telephone: (731) 664-1340